IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIANA WILLIAMS, individually and on behalf of all similarly situated individuals,<br>    Plaintiff,<br><br>v.<br><br>POWERFORCE OF HOUSTON, INC,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO. 4:22-cv-2483<br><br><br>A Jury Is Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST
TO PROVIDE NOTICE TO SIMILARLY SITUATED EMPLOYEES**

Defendant Powerforce of Houston, Inc. has implemented a business plan that depends upon misclassifying employees as independent contractors and not paying these employees the full amount of wages that are due under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA").  None of the drivers employed by Powerforce were independent contractors.  This action is brought to recover unpaid overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Briana Williams ("Plaintiff or Ms. Williams"), by Defendant Powerforce of Houston, Inc.  Ms. Williams also seeks recovery for similarly situated drivers misclassified as independent contractors.

**Facts Supporting Relief**

**Allegations Related to Ms. Williams' Claims**

1.     Powerforce of Houston, Inc. hired Briana Williams as a delivery driver from December of 2020 through February of 2022.  Ms. Williams delivered blood,

medications, and/or other supplies to hospitals and pharmacies in Texas.

2. During the time that Ms. Williams worked for Powerforce. Ms. Williams regularly worked in excess of 40 hours per week. Ms. Williams regularly worked from 12 to 16 hours per day delivering blood, medication, and supplies from Monday through Sunday.

3. Every Sunday, Powerforce would identify the routes that Ms. Williams would be required to drive for that week. Powerforce used the Delivery Track and/or Mobile Tech apps that Ms. Williams was required to download to her phone.

4. If Ms. Williams was unable, for any reason, to drive a route during the week, it was her responsibility to find a replacement driver.

5. Powerforce paid Ms. Williams a flat rate for each delivery no matter how many miles the route would take. The flat rate ranged from $60 to $200 depending upon the route. Ms. Williams provided a list of routes taken and deliveries made to Powerforce for payment on a weekly basis.

6. At times, Powerforce required Ms. Williams to take a "stat" or "emergency" run to a hospital that was either local or up to three to four hours away. These runs were frequently at night. Powerforce required Ms. Williams to return that night and report back to the blood bank or pharmacy of origin. Powerforce did not permit Ms. Williams to stay overnight and Powerforce would dock Ms. Williams' pay if she did not return. Powerforce did not pay Ms. Williams mileage or any other amount for the return trip.

7. Powerforce paid mileage for "stat" or "emergency" deliveries at a rate of

.70 cents to .90 cents per mile for the trip to the customer, but did not pay for returning from the customer.

8. Defendant never paid Ms. Williams and overtime premium for hours that she worked over 40 for each week.

9. Defendant misclassified Ms. Williams and failed to properly pay Ms. Williams overtime for all hours over 40.

10. The economic reality is that Ms. Williams was not an independent contractor, but was an employee.

11. Ms. Williams was an employee because Defendant exercised complete and total control over Ms. Williams' schedule, job duties, assignments, performance, uniform, and the manner and method in which Ms. Williams would carry out her duties.

12. Ms. Williams was an employee because Defendant did not permit Ms. Williams to alter her routes and required that Ms. Williams take a particular route for each delivery.  In addition, Defendant monitored Ms. Williams' route by tracking and GPS and would dock Ms. Williams' pay if she travelled a different route.

13. Ms. Williams was an employee because Ms. Williams had no investment in any facilities related to the work performed.

14. Ms. Williams was an employee because Ms. Williams did not and could not advertise her services to various blood banks, hospitals, or pharmacies in order to increase her profit margin or business.

15. Ms. Williams was an employee because Ms. Williams had no opportunity

for profit and/or loss and could not, in any way, affect the nature and scope of the work or the business.

16. Ms. Williams was an employee because Ms. Williams worked for Powerforce for approximately 14 months.

17. Ms. Williams was an employee because Defendant required Ms. Williams to purchase a uniform with a company logo and wear that uniform when working.

18. The position did not require specialized skills or any particular training or experience.

## Allegations Regarding Similarly Situated Employees

19. Ms. Williams and all individuals similarly situated and employed as drivers engaged in virtually the same job duties on a daily basis.

20. Ms. Williams and all individuals similarly situated and employed as drivers carried out similar duties in the form of delivering medicine, blood, or other items via proscribed routes around the State of Texas.

21. Ms. Williams and all individuals similarly situated and employed as delivery drivers were responsible for keeping track of the routes that they completed and turning that information over to Powerforce.

22. Ms. Williams and all individuals similarly situated and employed as drivers used the same applications on their phones to keep track of their deliveries and routes.

23. Ms. Williams and all individuals similarly situated and employed as drivers were paid the same amounts for various routes. None of the individuals,

including Ms. Williams were paid overtime.

24. Ms. Williams and all similarly situated individuals were required to obtain an assumed name, to create a "doing business as," or some other form of company or other entity in order to be paid.

25. Defendant Powerforce misclassified Ms. Williams and all individuals similarly situated and employed as drivers as independent contractors and failed to properly pay Ms. Williams and all individuals similarly situated and employed as drivers the overtime premium for all hours over 40.

26. Ms. Williams and all individuals similarly situated and employed as drivers were not independent contractors, but were employees.

27. The drivers are employees because Powerforce exercised complete and total control over Ms. Williams and all individuals similarly situated and employed as drivers. Powerforce controlled their work schedule, job duties, assignments, performance, uniform, and the manner and method in which all individuals would carry out their duties.

28. The drivers are employees because Ms. Williams and all individuals similarly situated and employed as drivers had no investment in any facilities related to the work performed.

29. The drivers are employees because Ms. Williams and all individuals similarly situated and employed as drivers had no opportunity for profit and/or loss and could not, in any way, affect the nature and scope of the work or the business.

30. The position did not require specialized skills or any particular training or

5

experience.

31. Based upon the information currently available, the individuals employed as drivers are similarly situated to Ms. Williams.

32. Ms. Williams requests that notice be prepared, with the Court's permission, and sent to each individual similarly situated who was misclassified as an independent contractor, employed as a driver within the last three years, who was paid as a 1099 contract employee, and who worked over 40 hours per week and was not paid overtime.

## Allegations Regarding FLSA Coverage

33. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail, electronic applications to keep track of time, electronic applications used to pay employees, and the Internet.

34. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

35. At all times pertinent to this Complaint, Ms. Williams was individually engaged in commerce and her work was essential to Defendant's business.

36. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

### Allegations Regarding Willfulness

37. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Ms. Williams' regular and overtime work.

38. Ms. Williams was an employee.

39. The individuals similarly situated and employed as drivers were employees.

40. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

41. Defendant's actions were willful and in blatant disregard for the federally protected rights of Ms. Williams and other individuals similarly situated and employed as drivers.

42. Because Ms. Williams was an employee, Ms. Williams was entitled to be paid her regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendant failed to pay Ms. Williams the required overtime premium in nearly every workweek that the Ms. Williams was employed by Defendant, as Ms. Williams worked in excess of 40 hours in almost every week that she worked for the Defendant.

43. No exemption excuses the Defendant from paying Ms. Williams and individuals similarly situated and employed as drivers for all time spent and work

performed during the hours they worked, and the Defendant has not made a good faith effort to comply with the FLSA.  As such, the Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Ms. Williams and individuals similarly situated and employed as drivers.  Such practice was and is a clear violation of the FLSA.

## Parties

44. Plaintiff Brianna Williams was personally engaged in interstate commerce during her employment with the Defendants, and is represented by the undersigned.

45. Defendant Powerforce of Houston, Inc. ("Powerforce") is a Texas corporation and an "employer" as defined by the FLSA.  With respect to Plaintiff and individuals similarly situated and employed as drivers, Powerforce is subject to the provisions of the FLSA.  Powerforce was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  Powerforce of Houston, Inc., may be served through its registered agent, John L. Jackson at 19365 FM 2252 #4, Garden Ridge, Texas 78266.

## Jurisdiction and Venue

46. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Ms. Williams transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

Case 4:22-cv-02483   Document 1   Filed on 07/26/22 in TXSD   Page 9 of 10

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

47. Mr. Williams incorporates by reference all factual allegations into this cause of action.

48. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Ms. Williams for work performed in the employ of the Defendant.

49. Mr. Williams has suffered damages as a direct result of Defendant's illegal actions.

50. Defendant is liable to Ms. Williams for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for which Ms. Williams now sues.

### Demand for Jury

51. Ms. Williams demands a trial by jury.

### Prayer for Relief

WHEREFORE, Ms. Williams and all individuals similarly situate who join in this action demand:

1. Issuance of notice as soon as possible to all persons individuals similarly situated and employed as drivers and who were paid in a similar fashion as detailed in the lawsuit during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the similarly situated workers unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violation of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA No. 15405420
S.D.Tex. No.: 11554
tpadgett@buenkerlaw.com
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEYS FOR BRIANNA WILLIAMS**